[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 17, 1997
This is an action where plaintiff seeks to sue on a divorce judgment for past due child support as a result of a decree rendered in Waterbury Superior Court in 1984 dissolving the marriage of the parties and ordering the defendant John J. Cretella to pay child support. In this Ansonia/Milford action the plaintiff seeks an attachment of his property to secure unpaid support claimed due under the 1984 decree. The court heard the evidence in a prejudgment remedy hearing and on the second day of hearing the defendant moved to dismiss the case for lack of jurisdiction claiming that General Statutes § 46b-2 governs and provides in pertinent part that: "All proceedings involving a family relations matter shall be first placed on the family relations docket of the Superior Court; and . . . the judge before whom such proceeding is brought, may transfer such matter to the criminal or civil docket of said case so entered or transferred to either docket and shall be proceeded upon as are other cases . . ." The Ansonia/Milford case was assigned by the clerk to the family relations docket and bears the family docket number FA97 0057321. Nothing in the statute cited requires that the case be brought in Waterbury. The court finds no jurisdictional problem in the Ansonia/Milford venue. All parties reside in the Ansonia/Milford District and none are residents of the Waterbury District. The law permits a suit upon a judgment.Garguilo v. Moore, 156 Conn. 359, 361, 242 A.2d 716 (1968). The Superior Court has jurisdiction to hear a suit on a judgment in one judicial district that was rendered in another. The motion to CT Page 2695 dismiss attacking jurisdiction is therefore denied.
FLYNN. J.